**Christine Wairimu MAITAMEI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–75306.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2008.

Filed May 16, 2008.

Duane M. Hamilton, Chow & Hamilton, Buena Park, CA, for Petitioner.

CAC–District Counsel, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Andrew C. Maclachlan, Oil, U.S. Department of Justice Civil Div./Office of Immigration Lit., Michael J. Mullaney, U.S. Department of Justice Principal Deputy Chief–Crim. Division, Washington, DC, for Respondent.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: NOONAN, W. FLETCHER, and GOULD, Circuit Judges.

MEMORANDUM *

Christine Wairimu Maitamei, a native and citizen of Kenya, seeks review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal of the Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

This court reviews questions of law de novo, *see Kankamalage v. INS,* 335 F.3d 858, 861–62 (9th Cir.2003), and reviews factual findings for substantial evidence, *see Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001). Where it is unclear whether the BIA conducted a de novo review, as with its review of the asylum claim in the present case, this court may "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Avetova–Elisseva v. INS,* 213 F.3d 1192, 1197 (9th Cir.2000). Where the BIA cites its decision in *Matter of Burbano,* 20 I. & N. Dec. 872 (BIA 1994), as the BIA does here in its discussion of the withholding of removal and CAT claims, the BIA has conducted an independent review of the record and determined that its conclusions are the same as those of the IJ, so we review the IJ's decision "as if it were that of the BIA." *Abebe v. Gonzales,* 432 F.3d 1037, 1039 (9th Cir.2005) (en banc) (internal quotation marks and citation omitted).

This court has jurisdiction to review the denial of Maitamei's asylum claim. *See* 8 U.S.C. § 1252(a)(2)(D); *Ramadan v. Gonzales,* 479 F.3d 646, 650 (9th Cir.2007). An applicant who has not filed for asylum within the one-year filing deadline may nevertheless apply for asylum if the alien

demonstrates "the existence of changed circumstances which materially affect the applicant's eligibility for asylum." 8 U.S.C. § 1158(a)(2)(D).

The BIA erred as a matter of law by applying an erroneous standard to Maitamei's evidence on changed circumstances. Rather than applying the appropriate "[t]o the satisfaction of the asylum officer, the immigration judge, or the Board" standard required to establish an exception to the one-year bar on asylum, the BIA applied a clear and convincing evidence standard. 8 C.F.R. § 1208.4(a)(2)(i)(B). We therefore remand under *INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam), for the BIA to apply the proper legal standard.

This court has jurisdiction over Maitamei's withholding of removal claim, which was properly exhausted. *See Agyeman v. INS*, 296 F.3d 871, 877–78 (9th Cir.2002); *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1183–84 (9th Cir.2001). An applicant for withholding of removal must show that "it is more likely than not" he would be subject to persecution on one of the protected grounds if he returns to the proposed country of removal. *Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001); 8 C.F.R. § 208.16(b)(2). The BIA erred by adopting the IJ's inappropriate application of a clear and convincing evidence standard to Maitamei's withholding claim. Again, we remand under *Ventura* to allow the BIA an opportunity to apply the proper standard of law.

For the reasons stated, the petition is GRANTED and the case is REMANDED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.